Mr. Simon, whenever you're ready, you have five minutes. Thank you, Your Honor. May it please the Court, my name is Bradley Simon with the law firm Schlonstone & Dolan and we represent appellant Linda Mangano. It's undisputed, Your Honors, that Ms. Mangano does not pose a risk of flight or a danger to the community. And we submit that we have met our burden under the statute of presenting several, not just one, but several substantial issues, which we believe when these issues are fully briefed by this Court and presented to this Court will result in remand and reversal. So but what makes this situation compelling is that Ms. Mangano received a sentence of only 15 months. And if she's required to surrender, which is this Friday, she will essentially lose her full appellate rights because it would be unlikely that a decision would be rendered before she's completed her sentence. Correct. But the length of a sentence is not one of the factors in the statute for granting bail, correct? That is correct, Your Honor. But that doesn't mean that this Court should just set aside questions of fairness and justice.  Well, we have submitted our, we've requested the earliest, 90 days, and we've not wasted any time. Well, that's not the earliest. I mean, if you're really concerned that she might serve part, you're saying all, I would have thought you would ask for like a 30-day briefing schedule and oblige the government, who I'm sure would be willing to match 30 days. Well, we're, we don't intend to take, we wouldn't take the whole 90 days, Your Honor, we were going to get- But normally somebody who's in a hurry moves to expedite and gives us a suggested short briefing schedule. You haven't done that, have you? No, but we intend to move expeditiously. If you had your oral argument this year on the merits of the case, that would require, you could set a schedule that could accomplish that. Well, but then again, I don't know how long it would take for the Court to render its decision. I know you don't. But at least you would have done your part. Yes, but even- It might be relatively quickly, it might not be. I know. Depends whether there's a written opinion or not. Correct. But if, Your Honor, but if, in fact, even if oral arguments before the end of the year and by the time a decision is rendered, even if it's a quick decision, she would have already served probably half of her sentence. But that's true of everybody. They would lose time, you know, in a situation where there's going to be an appeal if they're serving their sentence. And there's ultimately a change, a reversal, or a remand, or reconsideration, or whatever. Anyway- Okay, you want to tell us, what's the most substantial question you've got? Well, we have several. One of them is that the false statement's conviction was based on a situation where there was no transcript, there was no recording. Does any law, any case say that's a requirement? Well, that's one of the reasons why we think this is a substantial issue. It's not been addressed by this Court at any time. And other circuits have looked askance at that situation. Especially because the Supreme Court has said in the Bronstein decision that even if a defendant's statements are literally true but misleading, that still doesn't rise to a- We don't know that there's any chance of that happening here. You haven't set forth in your papers any basis upon which that could be a possibility. Well, because we don't know exactly what she said. You have a pretty good idea of what she said. It's a substance. What we have are some notes of an agent who, when she testified, said that a lot of it involved guessing. Did you call any witnesses to dispute the government's account? To dispute the government's account? Of what she said? No, the trial court did not. So it wasn't even a disputed issue at the trial? Well, the counsel objected- You objected that there was no dispute. There were no adverse facts to put the issue in dispute, right? Well, that was another issue. Before the other issue, what about this? Wasn't defense counsel present at the interview? Yes, he was. Okay, so there you have a witness, your own witness. But how is he to then take the stand when he's supposed to be cross-examining? Well, he'd be another lawyer. That's not uncommon. That's right. But he was the attorney who was hired by Ms. Mangano. No, but my point's different. My point is that if you had a witness there, your lawyer there, then you'd know precisely how Bronson might be in play or not. And that's not in your papers. Well, but he was there, and in his questions on cross-examination, he was trying to elicit the fact that what the agent was saying was not entirely correct. And that goes to another issue. The court restricted him from fully exploring what took place in that room. He was not allowed to even mention the fact that the two prosecutors were in the room. And so not only was there not a transcript or recording, he was – I don't understand that argument, why it was necessary to name the prosecutors.  Well, I think it was important for the jury to know that the same prosecutors who were bringing this case were actually in the room. And the fact that there was no recording or transcript, he should have been given full measure, it seems to me. Were prosecutors precluded from prosecuting when they witnessed? No. No, Your Honor. But I think it was relevant information that the jury should have been made aware of. Because of the fact – all of this could have been – What's the relevance of it? All of this could have been avoided if there was some written record or recording. But because there was not, he was left to – he really should have had the right to explore fully, to give the jury the picture of what was going on in that room, and he was precluded. Yeah. Did he ask for a recording, or did he try and ask the agents to make a recording? Well, I don't know, Your Honor. But I don't know that, as we said, that the defense has any burden with respect – I don't know that he has to either. But if it's so important now, why wasn't it important then? And if so, why wasn't it sought? Well, you know, after the fact, it's a little late. If there was no recording or no transcript rendered – made, then it's a little late in the day to – It's pretty easy to tell whether they're making a recording. They take out a little recorder and they push a button. And if they don't do that, then there's no recording. Right. And they did not do that. I know they didn't do that, but you didn't request it of them. No, counsel did not. Quickly, on your sentencing point, you argue about the enhancement. Yes. The sentence was 15 months. That's the bottom of the range without the enhancement. Correct. So how does your argument matter? Well, I think it's still an issue for appeal whether or not – Why would it matter if she already got the bottom of the unenhanced range? Because if it were remanded for resentencing, an argument could be made that she should get a lesser sentence than 15 months because the court imposed that sentence with the enhancement. And without an enhancement, she factored in that enhancement. Without it, I think we could very well ask for a lesser sentence. Okay. If my colleagues don't have any other questions? Okay. Thank you, Mr. Simon. Thank you. The only question I have is whether or not you're pressing for – I gather you're not pressing for an expedited appeal. Your Honor, if this court – If we rule against you on your argument. If you rule against us, we absolutely will press for an expedited appeal. We'll do it in the chat. We will. Okay. Thank you. Good morning. May it please the court. My name is Assistant – I am Assistant United States Attorney Catherine Mirabile, and I represent the aptly the United States. The defendant's motion for a bail pending appeal should be denied in its entirety. As an initial matter, the length of the defendant's sentence is not a factor for consideration under 18 U.S.C. Section 3143B, which covers bail pending appeal. With respect to those factors that do govern bail pending appeal, the defendant has failed to raise a substantial question of law or fact that will likely result in reversal, a new trial, or a reduction of her sentence. As set forth in detail in the government submission – Can I just ask you? Sure. So this question about whether or not a transcription should be required, given that our court has not actually addressed that, does that qualify as a novel question? Is one of the bases for finding a substantial question? And, of course, you acknowledge the other factors in terms of risk of flight, and all of those things have been met. And so really it's just a question of if there's a substantial question, then it might be appropriate for bail. So if you could speak to that. Sure. Simply because the court has not squarely addressed this issue, it does not mean that it presents a substantial question. The defendant still has to show a likelihood on the merits, and she has not done that. There's no per se rule requiring exact words or a verbatim transcript in order for a defendant's statement to qualify to sustain a 1001 conviction. Rather, evaluation of the evidence and witnesses and the credibility questions, those must be left to the jury. And in this instance, the defendant made these very arguments. He made the very arguments. He thoroughly cross-examined the case agent. He argued to the jury that there was no verbatim record of what Ms. Mangano said during the proffers. And the jury evaluated the evidence and rejected that argument and credited the agent's testimony. So- Your point is the question isn't substantial just because it's unresolved. It must be one that, once resolved, will come out in your favor. Correct. He has to show a substantial- And what do you understand the standard is for determining that? Is it preponderance? Is it clear and convincing? What is it? The standard for determining whether the question is likely to come out in your favor and therefore be substantial. I don't know the answer to that question, Your Honor. But I would submit that the defendant doesn't meet either a preponderance or a clear and convincing. The evidence was overwhelming that was presented to the jury on the 1001 that the defendant lied in those proffers. The jury evaluated that evidence, the overwhelming evidence, and rejected the defendant's arguments that there needed to be a verbatim transcript. And I also submit- It doesn't matter. Correct. That's your point. Correct. And other circuits have come out and have ruled that there does not need to be a verbatim transcript or recording. So the fact that it has not been presented to the Second Circuit does not, in and of itself, make that a substantial question. Unless the Court has any additional questions for me, we will rest on our papers. Thank you. All right. We will take this motion under advisement.